■ In the Matter of the Claim of DAVID ALTEROWITZ, Respondent, v. ALBA-DE LUXE UPHOLSTERING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. Claimant, a slipcover cutter, suffered an acute posterior wall myocardial infarction. Appellants contend that there is no substantial evidence to support the board's finding of an accidental injury causally related to the infarction. Claimant testified that on Thursday, February 26, 1960, after moving a 300-pound Castro convertible sleeper a distance of four feet in preparation to measure it for slipcovers, he broke into a cold sweat and experienced pains in his chest. It is undisputed that in order to arrive at the apartment where he was to take the measurements for the slipcovers claimant had to ascend four flights of stairs while carrying a 30-pound bundle. In addition claimant alleges that to move the sleeper he was required to lift one end at a time due to its weight and the fact that it was stuck to the floor. After resting for a few minutes claimant continued his work although he testified he continued to experience intermittent chest pains. Claimant also worked on Friday and Saturday but testified that he felt tired and sluggish and that the pains persisted and increased. On Sunday the pains became severe, and on Monday after seeing his physician he was ordered to bed where he remained until Thursday when the increased severity of the pain required his hospitalization. The board has found that claimant's activities on the morning of February 26, 1960 and the resultant myocardial infarction constituted an industrial accident. Appellants do not appear to contend that if claimant had performed the activities he alleged in the manner he alleged and experienced the symptoms to which he testified, such activities and symptoms would not when coupled with proof of causal relationship provide the basis for finding an industrial accident (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323). Instead they contend that the record does not support the board's acceptance of claimant's testimony. The question of the credibility of witnesses is of course strictly within the province of the board (*Matter of Blaine* v. *Big Four Inds.,* 17 A D 2d 881; *Matter of Manolakis* v. *Edison S. S. Corp.,* 15 A D 2d 845; *Matter of De Luca* v. *Garrett & Co.,* 12 A D 2d 569). Some of the facts testified to by the claimant were disputed by other witnesses but his testimony was not so incredible that it should be rejected as a matter of law (*Matter of Blaine* v. *Big Four Inds., supra*; *Matter of Baum* v. *B. & B. Auto Works,* 15 A D 2d 616). The record contains divergent medical opinion as to causal relationship, especially whether a five to seven-day period could elapse between the precipitating factor and the first pain and the infarction. Claimant introduced expert testimony not only that such could be the case but that such was in fact the case here. The board was not compelled to find the testimony of claimant's expert to be so speculative as to be devoid of probative value. In the face of conflicting medical opinions the board is free to adopt that opinion which it deems most plausible (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.